IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

HARRY A. BARRON,

       Petitioner,

v.                                  Case No. 1:20-cv-00498

DONALD F. AMES, Superintendent,
Mt. Olive Correctional Complex,

       Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, (ECF No. 2), and Respondent's request for dismissal. (ECF No. 11). This matter is assigned to the Honorable David A. Faber, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

After thorough consideration of the record, the undersigned conclusively **FINDS** that Petitioner is not entitled to the relief requested. Therefore, for the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Respondent's request for dismissal, (ECF No. 11); **DENY** Petitioner's Petition for a Writ of Habeas Corpus, (ECF No. 2); and **DISMISS** and **REMOVE** this case from the docket of the court.

## I.    Relevant Facts and Procedural History

### A.  Conviction, sentence, direct appeal

Following a jury trial in the Circuit Court of Mercer County, West Virginia ("circuit court"), Harry Barron was convicted of first-degree murder and on October 5, 1998, was sentenced to imprisonment for life without mercy. (ECF No. 11-7 at 2, 7–8). On April 19, 1999, Barron filed a petition for appeal to the Supreme Court of Appeals of West Virginia ("SCAWV"), alleging that the circuit court erred by denying his motion to suppress and dismiss "when complaint and warrant were not based upon probable cause and Magistrate acted as agent of police." (ECF No. 11-8 at 1, 3). On October 6, 1999, the SCAWV refused Barron's petition for appeal. (ECF No. 11-9 at 1).

### B.  State habeas petitions

On August 21, 2000, Barron filed his first petition for a writ of habeas corpus under West Virginia law, asserting four grounds for relief: 1. He was denied his right to be present at all proceedings at trial; 2. Counsel was ineffective; 3. The prosecution impermissibly shifted the burden of proof to the defense in its closing argument; and 4. The circuit court permitted the prosecution to admit out of court statements without requiring the prosecution to establish that the declarant was unavailable. (ECF No. 11-11 at 6, 9). On June 6, 2001, Barron, through counsel, filed an amended petition for habeas relief, asserting numerous other grounds for relief, including those Barron had already raised in his original *pro se* petition. (ECF No. 11-13). On July 9, 2002, the circuit court issued an order denying Barron's petition, finding all of his claims to be without merit. (ECF No. 11-18). On July 26, 2002, Barron, through counsel, appealed this result to the SCAWV. (ECF No. 11-19). On January 22, 2003, the SCAWV refused Barron's petition for appeal. (ECF No. 11-20).

On February 23, 2007, Barron filed a second habeas petition in the circuit court. (ECF No. 11-22). In this petition, he challenged his conviction based on the use of tainted and fraudulent serology evidence and testimony, relying on a case investigating Fred Zain of West Virginia's crime lab. (*Id.* at 4–5). Through counsel, Barron filed an amended petition on December 7, 2007, providing specific examples of errors in the treatment of evidence, which Barron claimed necessitated a new trial. (ECF No. 11-23 at 3–4). This petition, too, was denied by the circuit court after it found that Barron's argument was in fact an ineffective assistance of counsel claim precluded by *res judicata*. (ECF No. 11-25). On June 29, 2009, Barron filed a petition to appeal this result to the SCAWV, and the SCAWV refused the petition. (ECF Nos. 11-26, 27).

On September 22, 2008, Barron filed his third petition for habeas relief in the circuit court. (ECF No. 11-29). Therein, he asserted ten grounds for relief, including ineffective assistance of habeas counsel and additional aspects of his trial including the maintenance of evidence. (*Id.*). Through counsel, he filed an amended petition on February 18, 2009, again asserting ineffective assistance of habeas counsel and incorporating the claims from his *pro se* petition. (ECF No. 11-31). The circuit court denied this petition, finding that Barron's habeas counsel had not been ineffective and his remaining claims were barred by *res judicata*. (ECF No. 11-33). Barron filed a petition for appeal to the SCAWV, and on October 27, 2010, the SCAWV refused Barron's petition. (ECF Nos. 11-34, 11-35).

On December 3, 2018, Barron filed his fourth state habeas petition, alleging that the prosecution violated his right not to self-incriminate by making reference to Barron's failure to testify in her closing remarks. (ECF No. 11-37). On February 26, 2019, the circuit court denied this petition as well, finding that the issue had already been adjudicated in a

3

previous habeas petition. (ECF No. 11-38). Barron appealed this decision to the SCAWV, which, on June 3, 2020, affirmed the circuit court's denial of the petition. (ECF Nos. 11-39, 11-41).

### C.  Federal habeas petition

On July 22, 2020, Barron filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254"). (ECF No. 2). In his petition, Barron raises four grounds for relief. First, he contends that the prosecutor in his underlying criminal case engaged in misconduct by making disparaging remarks about his character and shifted the burden of proof to him during the prosecutor's closing argument. (*Id.* at 5). Next, he insists again that the prosecutor at his criminal trial impermissibly shifted the burden of proof by saying that he had not proven his innocence. (*Id.* at 7). In his third ground for relief, Barron asserts that an out-of-court statement was used in his trial and his counsel was ineffective for failing to object. (*Id.* at 8). Fourth, Barron argues that his right to confront his accusers was violated because he was out of the courtroom for a portion of the trial. (*Id.* at 10). Barron contends that his petition is timely because even though his conviction became final more than one year ago, the last judgment he received was on June 3, 2020, presumably referring to his most recent state habeas petition. (*Id.* at 13). For relief, Barron asks the Court to set aside his conviction and remand his case to the SCAWV. (*Id.* at 15).

On December 11, 2020, Respondent filed an answer to Barron's petition. (ECF No. 11). Therein, he requests that the Court deny and dismiss the petition as the grounds asserted are untimely and lack merit. (*Id.* at 1). Respondent contends that the relevant time period for Barron to file his petition expired on June 8, 2003 after the conclusion of his first state habeas action. (*Id.* at 32). Furthermore, he posits that, although the Court

should not reach the merits of the claims, none of Barron's allegations involve a decision of the state court contrary to or involving an unreasonable application of federal law or an unreasonable determination of fact. (*Id.* at 34–46).

Barron replied to Respondent's answer on February 3, 2021. (ECF No. 13). He restated his original grounds, further elucidating which statements of the prosecutor he found objectionable and examining the legal standards applicable to his claim. (*Id.* at 2). He decries the "biased" nature of Respondent's answer to his petition and asks the Court to examine the issues without relying on Respondent's "highly partisan" perspective. (*Id.* at 4). He notes some dispute about whether a plea bargain was offered in his case, and again asserts that his trial counsel was unconstitutionally ineffective. (*Id.* at 5–6). Addressing the issue of timeliness, Barron argues that "the first bite of the Habeas apple was poisoned by the accumulative damages of ineffective assistance of counsel during the Trial Proceedings and the appellant [sic] process." (*Id.* at 10). Barron does not offer any factual support for, or argument that, equitable tolling should apply to his petition, nor does he explain the eight-year gap between his third and fourth state habeas petitions.

## II.  <u>Standard of Review</u>

Respondent does not identify the standard under which he seeks dismissal of Barron's petition, but because he requested dismissal in his answer contending that the statute of limitations for the claim has expired and the claims lack merit, the undersigned interprets Respondent's request as a motion for judgment on the pleadings or a motion to dismiss pursuant to Rule 12(b)(6). A motion for judgment on the pleadings filed under Federal Rule of Civil Procedure 12(c) "is analyzed under the same standard as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Alexander v. City of Greensboro*, 801 F. Supp. 2d 429, 433 (M.D.N.C. 2011) (citing

*Burbach Broad. Co. of Del. v. Elkins Radio Corp.,* 278 F.3d 401, 405–06 (4th Cir. 2002)). A complaint fails to state a claim when, viewing the factual allegations as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 570 (2007).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit,* 759 F.3d 343, 353 (4th Cir. 2014) (citation omitted); *Wolfe v. Johnson,* 565 F.3d 140, 169 (4th Cir. 2009). Nevertheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey,* 759 F.3d at 353 (quoting *Blankenship v. Manchin,* 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a section 2254 case must consider "the face of the petition and any attached exhibits." *Walker v. Kelly,* 589 F.3d 127, 139 (4th Cir. 2009) (quoting *Wolfe,* 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, without converting the motion into a motion for summary judgment. *Id.*

## III. <u>Discussion</u>

### 1. Statute of limitations

The Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs state prisoners' ability to raise claims in federal habeas review, contains a one-year statute of limitations within which a state prisoner may file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run from the

latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Section 2244(d)(2) clarifies that the running of the one-year period is suspended for any time that a "properly filed" state post-conviction proceeding "is pending." *Id.* § 2244(d)(2). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has construed a state post-conviction proceeding to include all state court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). Upon final disposition of the state post-conviction proceeding, "the running of the § 2244(d) one-year period resumes." *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In other words, the one-year period begins at the conclusion of direct review, but is statutorily tolled if collateral proceedings are initiated in state court. Once collateral state court proceedings conclude, the limitation period begins to run again from the point at which it was tolled by initiation of the collateral proceedings.

On October 5, 1998, Barron was sentenced to life imprisonment without the possibility of parole. (ECF No. 11-7 at 8). He petitioned the SCAWV for an appeal of his conviction, which was refused on October 6, 1999. (ECF No. 11-9). Barron then had ninety

days in which to seek a *writ of certiorari* from the Supreme Court of the United States.

Sup. Ct. R. 13(1). He did not; thus, his conviction and sentence became final on January

4, 2000—after the period in which he could file for a writ of certiorari to the Supreme

Court of the United States had passed—and the one-year AEDPA statute of limitations

began to run on January 5, 2000.[1] However, pursuant to § 2244(d)(2), the relevant time

period was suspended from August 21, 2000, until January 22, 2003, while Barron's first

habeas petition was pending in the state courts. Thereafter, the one-year statute of

limitations resumed running and expired well before Barron filed his second state habeas

petition in 2007. While Barron provides that his petition is timely because his most recent

state habeas petition was finally adjudicated on June 3, 2020, (ECF No. 2 at 13), the

pendency of that case has no bearing on the timeliness of the instant petition. Because the

AEDPA statute of limitations had already expired, the second petition, and any

subsequent petition, did not toll the statute of limitations. *See Stutts v. Stevenson*, No.

8:11-CV-00191-TMC, 2012 WL 4479150, at \*19 (D.S.C. June 15, 2012), *report and

recommendation adopted*, No. CA 8:11-191-TMC, 2012 WL 4479126 (D.S.C. Sept. 28,

2012). Accordingly, the undersigned **FINDS** that Barron's petition is untimely.

### 2. **Equitable tolling**

In response to Respondent's contention that Barron's petition is untimely, Barron

argues that "the first bite of the Habeas apple was poisoned by the accumulative damages

of ineffective assistance of counsel during the Trial Proceedings and the appellant [sic]

process." (ECF No. 13 at 10). Although the explanation provided by Barron regarding why

he was unable to submit a timely petition ignores the fact that more than one year elapsed

---

[1] Under Federal Rule of Civil Procedure 6(a), the one-year limitation period commences the day after the event triggering the period. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

between the conclusion of his direct review and the submission of his second state habeas petition, the undersigned will briefly consider Barron's assertion that matters outside of his control prevented him from filing a timely federal habeas petition.

The one-year limitations period may be tolled in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)). The doctrine of equitable tolling is available only in extraordinary cases and only when the petitioner has diligently pursued his rights. Garden variety attorney negligence, lack of knowledge regarding the law, and *pro se* status are all insufficient grounds to justify equitable tolling. *See Lanahan v. Helsel*, No. CV JFM-15-2133, 2016 WL 4742231, at *2 (D. Md. Sept. 8, 2016) (citations omitted); *see also Barrow v. New Orleans S.S. Ass'n,* 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation); *Rouse v. Lee,* 339 F.3d 238,248-49 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting AEDPA statute of limitations does not present extraordinary circumstances warranting equitable tolling); *Smith v. McGinnis,* 208 F.3d 13, 18 (2nd Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling); *Felder v. Johnson,* 204 F.3d 168, 171-73 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling). Moreover, the petitioner must "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances." *Britt v.*

*Commonwealth of Virginia*, No. 1:15CV1581, 2016 WL 1532238, at *3 (E.D. Va. Apr. 14, 2016) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

On numerous occasions, the circuit court held, and the SCAWV affirmed, that Barron's counsel was not ineffective in their representation. Barron does not explain why the supposed failures of his trial and appellate counsel had any effect on his ability to timely file a federal habeas petition within the relevant statutory period. After his first state habeas petition was denied and his appeal was refused on the same grounds now raised in the instant petition in 2003, Barron did not seek review of the West Virginia state court decisions through a timely-filed § 2254 petition and instead waited over four years before filing a second state habeas petition. Moreover, even if Barron's second or third habeas petition had restarted the statutory period, he still failed to seek federal review of any adverse decision of the state court or further pursue his claims until he filed his fourth state habeas action *eight years* after his bid for appeal of his third petition was rejected. This does not evince the diligent pursuit of rights, and Barron has not demonstrated that he was subject to "extraordinary circumstances beyond [his] control" which prevented him from filing a timely federal habeas petition. *Rouse*, 339 F.3d at 246; *see also Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001).

Barron does not contend that his petition falls under any of the alternative triggering provisions contained in § 2244(d)(1).[2] Accordingly, as Barron's federal petition is clearly untimely, and he is not entitled to proceed under the equitable tolling exception

---

[2]  Barron additionally does not contend that he is eligible to overcome the statutory barrier presented by the AEDPA's one-year deadline pursuant to the "actual innocence" exception. To the extent he might  try to do so, he would be unable to, as the claims he raises are not "newly discovered" and were known to him years before he submitted the instant § 2254 petition. *See Barnett v. Quintana*, No. 5:18-CV-00279, 2018 WL 7078579, at *12 (S.D.W. Va. Dec. 18, 2018), *report and recommendation adopted*, No. 5:18-CV-00279, 2019 WL 267731 (S.D.W. Va. Jan. 18, 2019), *aff'd*, 770 F. App'x 94 (4th Cir. 2019).

to the statutory deadline, the undersigned **FINDS** that Barron's petition should be denied as it is barred by the AEDPA's statute of limitations.

## IV.    Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the presiding District Judge **GRANT** Respondent's request for dismissal, (ECF No. 11); **DENY** Petitioner's Petition for a Writ of Habeas Corpus, (ECF No. 2); and **DISMISS** and **REMOVE** this case from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** September 23, 2021

Cheryl A. Eifert
United States Magistrate Judge