```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

**HARRY A. BARRON,**

      **Plaintiff,**

v.                                 **CIVIL ACTION NO. 1:20-00498**

**DONALD F. AMES, Superintendant,**
**Mount Olive Correctional Complex,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

Currently pending before the court is plaintiff's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. By Standing Order, the action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings of fact and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Eifert submitted her Proposed Findings and Recommendation ("PF&R") on September 23, 2021, in which she recommended that this court grant defendant's request for dismissal, deny plaintiff's petition for a writ of habeas corpus under 28 U.S.C. § 2254; and dismiss this matter from the court's active docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's PF&R. The court need not conduct a de novo review of the PF&R

when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  Plaintiff submitted timely objections to the PF&R.

Barron was convicted of first-degree murder in the Circuit Court of Mercer County more than twenty years ago.  Magistrate Judge Eifert concluded that the instant petition is barred by the one-year limitation period enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have

2

      been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

 As Magistrate Judge Eifert explained, the one-year statute of limitations for plaintiff to file his § 2254 began to run on January 5, 2000.  It was tolled, from August 21, 2000, until January 22, 2003, while Barron's first state habeas petition was pending in the state courts.  However, the statute of limitations expired long before Barron filed his second, third, and fourth state habeas petitions and, contrary to plaintiff's assertions, the filing of those petitions did not restart the limitations clock or otherwise toll the limitations period.  See PF&R at 8 ("Because the AEDPA statute of limitations had already expired, the second petition, and any subsequent petition, did not toll the statute of limitations."); see also Malone v. Lindamood, No. 1:17-CV-251-HSM-SKL, 2018 WL 3421830, at *3 (E.D. Tenn. July 13, 2018) ("[B]ecause the habeas petition was filed after the federal limitations period had already expired, its filing did not revive the limitations period, nor could it toll a period that had

3

already expired."); Terry v. Cartledge, Civil Action No. 6:10-2006-BHH, 2016 WL 943673, at *3 (D.S.C. Mar. 14, 2016) ("The statute of limitations was not further tolled by Petitioner filing his second [post-conviction relief] application . . . because by that time the one-year limitations period had already expired."). Nor does plaintiff demonstrate that the one-year statute of limitations should be subject to the doctrine of equitable tolling. Accordingly, plaintiff's objections are **OVERRULED**.

For the foregoing reasons, the court adopts the Findings and Recommendations of Magistrate Judge Eifert, **GRANTS** defendant's request for dismissal, **DENIES** plaintiff's § 2254 petition, and **DISMISSES** this case from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing

standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability and plaintiff's motion for a certificate of appealability, see ECF No. 16, is likewise **DENIED**.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

IT IS SO ORDERED this 20th day of September, 2022.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge